```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                       CENTRAL DIVISION at LEXINGTON
```

ADAM BOGART,                    )
                                )
    Plaintiff,                  )
                                )       Civil Case No.
v.                              )       16-cv-00255-JMH
                                )
UNIVERSITY OF KENTUCKY,         )
                                )
    Defendant.                  )       **MEMORANDUM OPINION & ORDER**
                                )

                              ***

This matter is before the Court upon Defendant's Motion to Dismiss Count I of Plaintiff's Amended Complaint [DE 17]. Plaintiff has filed a Response [DE 20], stating his opposition to the Motion to Dismiss, and Defendant has filed a Reply [DE 21] in further support of its Motion. This motion is now ripe for consideration and, for the reasons stated below, will be granted.

                              **I.**

In his Amended Complaint, Plaintiff avers that he was hired on June 16, 2014, to work as a Senior Research Assistant to a University of Kentucky faculty member, Dr. Ai-Ling Lin. Dr. Lin performed Magnet Resonance Imaging studies in small animals and humans coupled with other measures of cerebral function to examine the basic pathphysiological underpinnings of neurodegenerative disorders. As part of her research, Dr. Lin

commissioned a study by Matabolon, Inc., on the effect of caloric deprivation on metabolic markers in the brains of mice, paying more than $20,000 from a federal grant from the National Institute of Aging/National Institute of Health for this study. Plaintiff's main project was to analyze all of the Metabolon data statistically and then determine the biochemical and physiological pathways involved in calorie restriction. During his work, Plaintiff avers that he recognized serious flaws in the data provided by Metabolon and that he "divulged this discovery and raised concerns with Dr. Lin about the quality of the Metabolon report, the imputation of missing values, and the large number of outliers." Plaintiff avers that Dr. Lin was "increasingly agitated with [him] as he raised integrity issues with the Metabalon data and attempted to determine how to handle the outliers in the data." According to the Amended Complaint, Dr. Lin would yell at and speak to Plaintiff in a disrespectful tone. After Plaintiff told Dr. Lin of his concerns about the data, he avers that she then directed him to utilize the data anyway.

Plaintiff began to worry that, if the research paper was published as planned, with him listed as first author, and if anyone found out that the statistics that the metabolic pathways were based on were "fraudulent," he would be subject to criminal

liability. He told Dr. Lin of these concerns during a meeting in July 2014.

Shortly after that meeting, Plaintiff was absent from the workplace for a medical appointment. Upon his return, Dr. Lin asked him about his diagnosis and revealed to her that he had Tourette's Syndrome. After he pointed out to her that he needed relaxed and quiet conditions to perform his work due to his condition, Dr. Lin began yelling at and harassing Plaintiff on a daily basis about trivial matters. On August 26, 2014, Dr. Lin issued an oral warning to Plaintiff, requesting that he make certain improvements to his performance. She terminated his employment on September 4, 2014, even though he avers that he had not had an opportunity to make the improvements required by the warning. He avers that a similarly situated but non-disabled research assistant was treated more favorably than him.

Count I of Plaintiff's Amended Complaint avers a violation of the Kentucky Whistleblower Act, KRS 61.101, *et seq*. In its Motion to Dismiss, the University of Kentucky argues that complaining to one's supervisor about that supervisor's behavior does not constitute whistleblowing because there was no "disclosure" for the purposes of the act. The Court agrees that, on the facts averred, complaining directly to Dr. Lin was not a report for the purposes of the Whistleblower Act and that Plaintiff's claim must be dismissed as a matter of law. *See*

3

*Pennyrile Allied Comm. Servs., Inc. v. Rogers*, 458 S.W.3d 339 (Ky. 2015).

## II.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the plaintiff's complaint. The court views the complaint in the light most favorable to the plaintiff and "must accept as true well-pleaded facts set forth in the complaint." *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 680 (6th Cir. 2004) (internal quotation omitted). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

## III.

It is unlawful in Kentucky for an employer to "subject to reprisal, or directly or indirectly use, or threaten to use, any official authority or influence, in any manner whatsoever, which tends to discourage, restrain, depress, dissuade, deter, prevent, interfere with, coerce, or discriminate against any employee who in good faith reports, discloses, divulges, or

otherwise brings to the attention of . . . [certain public officials and bodies] any facts or information relative to actual or suspected mismanagement, waste, fraud, abuse of authority, or a substantial and specific danger to public health or safety."[1] As recently explained by the Kentucky Court of Appeals,

> Whistleblowing, as provided in KRS 61.102(1), occurs when a state employee "in good faith reports, discloses, divulges, or otherwise brings to the attention of ... [an] appropriate body or authority, any facts or information relative to an actual or suspected violation of any law, statute, executive order, administrative regulation, mandate, rule, or ordinance ... or any facts or information relative to actual or suspected mismanagement, waste, fraud, abuse of authority, or a substantial or specific danger to public health or safety."

*Univ. of Louisville v. Harper*, No. 2014-CA-000668-MR, 2016 WL 6134908, at *2 (Ky. Ct. App. Oct. 21, 2016). Further,

> In order to demonstrate a violation of KRS 61.102, an employee must establish the following four elements: (1) the employer is an officer of the state; (2) the employee is employed by the state; (3) the employee made or attempted to make a good faith report or disclosure of a suspected violation of state or local law to an appropriate body or authority; and (4) the employer took action or threatened to take action to discourage

---

[1] KRS 61.102(1) addresses reporting or disclosure to "the Kentucky Legislative Ethics Commission, the Attorney General, the Auditor of Public Accounts, the Executive Branch Ethics Commission, the General Assembly of the Commonwealth of Kentucky or any of its members or employees, the Legislative Research Commission or any of its committees, members or employees, the judiciary or any member or employee of the judiciary, any law enforcement agency or its employees, or any other appropriate body or authority."

5

> the employee from making such a disclosure or to punish the employee for making such a disclosure.

*Davidson v. Commonwealth*, 152 S.W.3d 247, 251 (Ky. Ct. App. 2004) (citing *Woodward v. Commonwealth*, 984 S.W.2d 477, 480-81 (Ky. 1998)). The employee must show by a preponderance of evidence that "the disclosure was a contributing factor in the personnel action." KRS 61.103(3). The state employer must then "prove by clear and convincing evidence that the disclosure was not a material fact in the personnel action." *Id.*

"The Kentucky Whistleblower Act serves the remedial purpose of protecting 'employees who possess knowledge of wrongdoing that is concealed or not publicly known, and who step forward to help uncover and disclose that information.'" *Davidson*, 152 S.W.3d at 255 (quoting *Meuwissen v. Dep't of Interior*, 234 F.3d 9, 13 (Fed. Cir. 2000)). The Supreme Court of Kentucky has held that "any other appropriate body or authority" includes the whistleblower's own agency. *Workforce Dev. Cabinet v. Gaines*, 276 S.W.3d 789, 791 (Ky. 2008) (reasoning that "'any other appropriate body or authority' should be read to include any public body or authority with power to remedy or report the perceived misconduct," including an employee's own agency or the larger department or cabinet in order to avoid an absurd result

6

of punishing employees who choose to first make an internal report of wrongdoing).

However, "[a]n otherwise at-will employee cannot gain whistleblower status, and the protections that come with that status, by simply complaining to [his or] her boss about what [he or] she perceives as his [or her boss's] misconduct." *Pennyrile Allied Comm. Servs. , Inc. v. Rogers*, 459 S.W.3d 339, 346 (Ky. 2015) (holding that complaints made during staff meeting to supervisor about supervisor's trespass on employee's private property was not protected activity under Act). "'Criticism directed to the wrongdoers themselves is not normally viewable as whistleblowing[,]'" and "'[d]iscussion and even disagreement with supervisors over job-related activities is a normal part of most occupations'" such that these "exchange[s] do[] not serve as a disclosure within the meaning of KRS 61.102." *Harper*, 2016 WL 6134908, at *4 (holding that employee's complaint to supervisor over perceived waste of money, among other complaints, was not a disclosure warranting protection under Act because it did not report or disclose concealed wrongdoing, but only indicated employee's disapproval of what she considered supervisor's bad management decision) (quoting *Horton v. Dep't. of Navy*, 66 F.3d 279, 282 (Fed. Cir. 1995) and *Willis v. Dep't. of Agric.*, 141 F.3d 1139, 1143 (Fed. Cir. 1998)).

While Plaintiff argues that he made a disclosure to a person of authority for the purposes of KRS 61.101 when he raised his concerns with Dr. Lin, Defendant argues that Plaintiff's claim under the Act fails as a matter of law because he did not seek to disclose his supervisor's alleged misconduct – a decision to rely on data that was somehow fraudulent in conducting and reporting on research – to anyone other than his supervisor. The Court agrees. Plaintiff's Whistleblower Act claim is based solely on comments and concerns related to Dr. Lin about her election to rely on certain data in conducting and reporting on research. Whether her election to do so constitutes alleged wrongdoing cognizable under the Act and whether there is a causal connection between Plaintiff's complaint and Dr. Lin's decision to terminate his employment, Plaintiff does not allege that he disclosed his concerns to any other person or entity. Much as in *Pennyrile*, because Plaintiff spoke only to Dr. Lin, he had no "intent. . . to reveal or impart what is known to the employee to someone else who lacks that knowledge and, . . . [was] in a position to do something about it." *Id.* at 345. The Court sees no reason to distinguish this situation from that presented in *Pennyrile* or, for that matter, *Ross* or *Harper*.

The Court appreciates the attraction of Justice Noble's dissent in *Pennyrile*, which Plaintiff urges the Court to adopt as the law of the case: "[W]hat more direct authority can there

8

be than the person committing the complained-of act? The supervisor was directly responsible for his own conduct, and thus is an appropriate authority." *Pennyrile Allied Comm. Servs., Inc.*, 459 S.W.3d at 348. However, even if Dr. Lin was the most appropriate authority to resolve the issue because she was Plaintiff's supervisor, as Plaintiff urges, the law of the Commonwealth of Kentucky does not support the conclusion that Plaintiff proposes, a conclusion with which Plaintiff tacitly agrees when he argues Justice Noble's dissent in *Pennyrile*.

When the well-pleaded facts in the Amended Complaint are accepted as true, Plaintiff's claim under the Kentucky Whistleblower Act fails to state a claim to relief that is plausible on its face and fails as a matter of law for the reasons stated above. Count I of the Amended Complaint shall be dismissed.

Accordingly, **IT IS ORDERED** that Defendant's Motion to Dismiss [DE 17] is **GRANTED**.

This the 27th day of January, 2017.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

9